UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
UNITED STATES OF AMERICA,

                 Plaintiff,               <u>MEMORANDUM & ORDER</u>
                                         19-CV-5456 (JS)(AYS)

    -against-

LOUIS SPIEGEL; NATIONAL BEAR HILL
TRUST; COMMISSIONER OF SOCIAL
SERVICES OF SUFFOLK COUNTY;
MIDLAND FUNDING LLC a/p/o CREDIT
ONE BANK, N.A.; CREDIT ACCEPTANCE
CORPORATION; and JOHN DOE (REFUSED
NAME), AS JOHN DOE #1,[1]

                 Defendants.
--------------------------------X
APPEARANCES
For Plaintiff:       Barry Michael Weiss, Esq.
                    Pincus Law Group, PLLC
                    425 RXR Plaza
                    Uniondale, New York  11556

For Defendant
Commissioner of
Social Services of
Suffolk County:      Karin Anne Bohrer, Esq.
                    Suffolk County Attorney's Office
                    400 Carleton Avenue, 5th Floor
                    Central Islip, NY 11722

For all other
Defendants:          No appearance.

---

[1] Plaintiff's request to amend the caption to change defendant "John Doe" to "John Doe (Refused Name), as John Doe #1" is GRANTED, as reflected in the caption of this order.  Plaintiff's request to terminate Mary Roe and XYZ Corporation as defendants is MOOT because those defendants were dismissed on February 3, 2020 by virtue of Plaintiff's filing of an Amended Complaint.

SEYBERT, District Judge:

The United States of America (the "Government" or "Plaintiff") commenced this action to foreclose on a mortgage encumbering the real property known as 10 Westerly Road, Hampton Bays, New York 11946 (the "Property"). (See generally Compl., ECF No. 1; Am. Compl., ECF No. 22.)  Defendant Louis Spiegel ("L. Spiegel") and the now-deceased former defendant, Gina Spiegel ("G. Spiegel") (collectively, the "Spiegels") were the mortgagors of the Property.[2, 3]  Pending before the Court is the Government's motion for the entry of a default judgment of foreclosure and sale. (See Mot., ECF No. 35.)  Neither L. Spiegel nor any of the other defendants have responded to the Government's motion.  For the reasons that follow, the Government's motion is GRANTED.

BACKGROUND

The following facts are taken from the Amended Complaint and are assumed to be true for purposes of this motion.  See Nero

---

[2] The other named defendants in this action, National Bear Hill Trust, Commissioner of Social Services of Suffolk County, Midland Funding LLC a/p/o Credit One Bank, N.A., Credit Acceptance Corporation, and John Doe (Refused Name), as John Doe #1, were only named as defendants because they "have or may claim to have some interest in or lien upon the mortgaged premises or some part thereof, which interest or lien, if any, accrued subsequently to the lien of the United States mortgage and is subsequent thereto." (Am. Compl. ¶ 12.)  The Court will collectively refer to these defendants as the "Non-Mortgagor Defendants."

[3] When the Court refers to a singular defendant, the Court is referring to L. Siegel.

v. Law Office of Sam Streeter, P.L.L.C., 655 F. Supp. 2d 200, 204
(E.D.N.Y. 2009) ("[W]hen the court determines that defendant is in
default, the factual allegations of the complaint, except those
relating to the amount of damages, will be taken as true."
(internal quotation marks and citation omitted)).

On April 5, 1994, at the request of the Spiegels, the
Government, acting through the Rural Housing Service ("RHS") or
its successor agency, the United States Department of Agriculture
("DOA"), issued a loan in the amount of $105,312.68 at a 6.50%
interest rate, to be paid in monthly installments. (See Am. Compl.
¶ 2.) As evidence of the indebtedness, the Spiegels executed and
delivered to the Government a promissory note (the "Note"), dated
April 5, 1994. (Id. ¶ 3; see also Note, Am. Compl. Ex. A.) To
secure the debt, the Spiegels executed a real property mortgage
(the "Mortgage") against the Property that same day. (Am. Compl.
¶ 4; see also Mortgage, Am. Compl. Ex. B.) The mortgage was
recorded in the Suffolk County Clerk's Office on or about June 3,
1994 at Liber 18827 Page 538. (Am. Compl. ¶ 5.) The Government
is the owner and holder of both the Note and Mortgage. (Id. ¶ 6.)

The Spiegels breached and violated the provisions of the
Note and Mortgage by failing to pay the monthly installment of
principal and interest as of October 11, 2014, and each payment
thereafter. (Id. ¶ 7.) As of September 24, 2019, the total amount
due to Plaintiff was $176,156.54, consisting of: $68,532.36 in

unpaid principal; $22,431.67 in unpaid interest; $42,431.30 in subsidy to be recaptured; and $42,761.22 in "other fees." (Id. ¶ 9.)[4] Plaintiff is also owed interest at a rate of 6.500% per annum on principal and all advances from September 25, 2019. (Id.)

Plaintiff confirms that no other action or proceeding has been brought at law or otherwise for the recovery of said sums secured by the Note and Mortgage. (Id. ¶ 11.) Plaintiff has also complied with the notice provisions of New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 (see id. ¶ 13; see also Notices, Am. Compl. Ex. D), as well as the provisions of RPAPL § 1306 regarding filing with the Superintendent of the New York State Banking Department (see Am. Compl. ¶ 15; see also Proof of Filing Stmt., Am. Compl. Ex. E). According to Plaintiff, the provisions set forth in RPAPL § 1302(1) and New York Banking Law §§ 6-1, 6-m, and 595-a are not applicable here. (Am. Compl. ¶ 15.)

## PROCEDURAL HISTORY

The instant case was commenced on September 25, 2019. L. Spiegel was personally served with the Summons and Complaint on October 9, 2019. (Proof of Service of Compl., ECF No. 18, at 9.) The Non-Mortgagor Defendants were served through either an authorized agent or through the New York Department of State. (See generally id.) No Defendants filed an answer or otherwise

---

[4] The Complaint also lists $0.00 as the amounts for escrow and late charges. (Id.)

responded to the Complaint.  G. Spiegel was voluntarily dismissed from this action upon the Government learning of her death.  (Order Dismissing G. Spiegel, ECF No. 17.)  Plaintiff was granted leave to file an Amended Complaint to dismiss Mary Roe and XYZ Corporation, and amend the name of "John Doe" to "John Doe (Refused Name)."  (See Jan. 4, 2020 Elec. Order; Am. Compl.)  The Amended Complaint was filed on February 3, 2020 and served upon all defendants that same day.  (See Proof of Service, ECF No. 22-1.)  No Defendants answered or otherwise responded to the Amended Complaint.

In light of the COVID-19 pandemic, the Government did not prosecute this action from January 2021 through early October 2021 because it determined the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 imposed a moratorium against foreclosures based upon DOA loans such as the one issued to the Spiegels.  (See Jan. 26, 2021 Ltr., ECF No. 26; April 15, 2021 Ltr., ECF No. 27; July 14, 2021 Ltr., ECF No. 28; Sept. 1, 2021 Ltr., ECF No. 29; Sept. 22, 2021 Ltr., ECF No. 31.)

On October 12, 2021, Plaintiff requested certificates of default against all Defendants, which were entered by the Clerk of Court that same day.  (Request for Cert. of Default, ECF No. 34; Entry of Default, ECF No. 34.)  On October 22, 2022, Plaintiff filed its motion for entry of a default judgment of foreclosure and sale, as well as proof that the motion and all supporting

5

papers were served on Defendants.  (See Mot., Certificate of
Service, ECF No. 35-17.)  The Court also notes that Plaintiff sent
L. Spiegel a letter containing a hardship declaration pursuant to
the COVID-19 Emergency Eviction and Foreclosure Prevention Act on
November 3, 2021, but L. Spiegel did not respond or execute the
declaration.  (See Dec. 22, 2021 Ltr., ECF No. 37.)

ANALYSIS

I.  Legal Standard

Motions for default judgment are governed by Federal
Rule of Civil Procedure ("Rule") 55 of the Federal Rules of Civil
Procedure, which provides for a two-step process.  See Priestley
v. Headminder, Inc., 647 F.3d 497, 504-05 (2d Cir. 2011).
Initially, the moving party must obtain a certificate of default
from the Clerk of the Court.  See FED. R. CIV. P. 55(a).  Once the
certificate of default is issued, the moving party may apply for
entry of a default judgment.  See FED. R. CIV. P.55(b).  Where a
default occurs, the well-pleaded factual allegations set forth in
a complaint relating to liability are deemed true.  See Vermont
Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir.
2004); see also FED. R. CIV. P.8(b)(6).  However, the entry of a
default judgment is "entrusted to the sound judicial discretion of
the court," and a party is not entitled to a default judgment as
a matter of right.  Allstate Ins. Co. v. Howell, No. 09-CV-4660,
2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (citation

omitted).  In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  See Jiao v. Shang Shang Qian Inc., No. 18-CV-562, 2020 WL 6370148, at *10–11 (E.D.N.Y. Aug. 11, 2020).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012).  In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Ferrera v. Tire Shop Ctr., No. 14-CV-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015).  Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 187 (2d Cir. 2015).

II. Discussion

A. Liability

1. Procedural Requirements

As set forth above, Plaintiff has complied with all procedural requirements for seeking a default judgment.

7

Defendants were served copies of the summons and Complaint, the Amended Complaint, and the default motion and its supporting papers.  To date, Defendants have failed to respond to the operative pleadings as well as Plaintiff's default motion.

    2.  <u>Foreclosure</u>

A plaintiff seeking to foreclose upon a mortgage must demonstrate: (1) the existence of the mortgage and note; (2) ownership of the mortgage; and (3) the defendant's default in payment on the loan secured by the mortgage.  <u>Windward Bora, LLC v. Brown</u>, No. 21-CV-3147, 2022 WL 875100, at *3 (E.D.N.Y. Mar. 24, 2022) (citing <u>Windward Bora LLC v. Baez</u>, No. 19-CV-5698, 2020 WL 4261130, at *3 (E.D.N.Y. July 24, 2020)).  "[O]nce a plaintiff mortgagee in a foreclosure action has established a <u>prima facie</u> case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." <u>United States v. Watts</u>, No. 13-CV-3211, 2014 WL 4275628, at *2 (E.D.N.Y. May 28, 2014) (citations omitted), <u>report and recommendation adopted</u>, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014).

Here, Plaintiff has demonstrated <u>prima facie</u> entitlement to foreclose upon the Property against both L. Spiegel and the Non-Mortgagor Defendants.  First, Plaintiff has established the existence of the Mortgage and Note. (<u>See</u> Note; Mortgage.)  Second, Plaintiff has proven that it is the owner and holder of the Note.

(See Support Aff., ECF No. 35-1, at ¶ 6 ("The plaintiff is the owner and holder of the Promissory Note and Mortgage.")  See also Winward Bora, 2022 WL 875100, at *4 ("Plaintiff's demonstrated possession of the Note grants Plaintiff the rights to enforce the corresponding Mortgage and to initiate the foreclosure action." (citing In re Escobar, 457 B.R. 229, 240 n.10 (Bankr. E.D.N.Y. 2011))).  Last, Plaintiff has demonstrated that L. Spiegel defaulted on his contractually required payments to Plaintiff.  As alleged in the Complaint, he failed to make his monthly payment due on October 11, 2014, as well as each monthly payment due thereafter.  (See Am. Compl. ¶ 7.)  Accordingly, the Court will enter default judgment against L. Spiegel.

As noted above, in addition to L. Spiegel, the Plaintiff named several other defendants, i.e., the Non-Mortgagor Defendants, because those defendants allegedly have an interest in the subject property.  (See supra note 2.)  Section 1311 of RPAPL provides that the necessary parties to a mortgage foreclosure action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff."  NY RPAPL § 1311.  "Courts in this district have found that entry of default judgment 'is appropriate where the complaint alleges nominal liability -- i.e., that any judgments the Defaulting [d]efendants may have against [the debtor], if liens on the mortgaged property, are subordinate to

the [plaintiff's] lien.'" Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Toscano, No. 20-CV-5998, 2021 WL 6424600, at *3 (E.D.N.Y. Dec. 20, 2021)(quoting Bank of Am., N.A. v. 3301 Atl., LLC, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012)(internal quotation marks omitted)), report and recommendation adopted, 2022 WL 103678 (E.D.N.Y. Jan. 11, 2022). Since Plaintiff pleads nominal liability on the part of the Non-Mortgagor Defendants, the Court will enter default judgment against them as well. Accordingly, Plaintiff's motion for entry of a default judgment of foreclosure and sale is GRANTED.

B. Damages and Remedies

Although a party's default is viewed as "a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (citing Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). Therefore, once a party's default as to liability is established, a plaintiff must still prove damages. See Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and Other Funds v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) (citing FED. R. CIV. P. 55(b)(2)); see also Gutman v. Klein, No. 03-CV-1570, 2010 WL 4975593, at *1 (E.D.N.Y. Aug. 19, 2010) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by

10

proof unless the amount is liquidated or susceptible of mathematical computation." (quoting Flaks, 504 F.2d at 707)), report and recommendation adopted, 2010 WL 4916722 (E.D.N.Y. 2010), affirmed, 515 F. App'x 8 (2d Cir. 2013).

Here, in support of its requested damages, Plaintiff submitted an affidavit by Walter Lindsey Jr., a Lead FCI Specialist for the DOA Rural Housing Service (the "Lindsey Affidavit"). (See Lindsey Aff., ECF No. 35-11.) Plaintiff seeks to recover $211,265.52 as of October 6, 2021, which is comprised of: (1) $68,532.36 in unpaid principal; (2) $41,487.33 in unpaid interest through August 9, 2021; (3) a $42,431.30 subsidy to be recaptured; (4) $11,746.63 in "fees required with payoff funds"; and (5) $57,067.90 in "fees currently assessed." (Id. ¶¶ 3, 6; Schedule A, ECF No. 35-11, at 6.) In addition to this $211,265.52, Plaintiff seeks to recover attorneys' fees and costs in the amount of $3,875,00 and $1,655.00, respectively, with interest accruing as of October 6, 2021. (See Support Aff. ¶¶ 23-24; Bill of Costs, ECF No. 35-12; Aff. of Legal Servs. & Costs, ECF No. 35-13.) The Court finds the amounts requested are fair, reasonable, and supported by the record. Further, by virtue of their default, L. Spiegel and the Non-Mortgagor Defendants have not objected to Plaintiff's calculations. Therefore, Plaintiff's requests for a total award of $216,795.52 ($211,265.52 + $3,875.00 + $1,655.00),

with interest accruing from October 6, 2021 through entry of judgment, is GRANTED.

Plaintiff also asks to sell the Property as one parcel and that the sale of the Property be conducted through the appointment of a referee.  The Court grants this relief, which is routinely provided in cases of mortgage foreclosures and sales. See Brown, 2022 WL 875100, at *5 (first citing Windward Bora LLC v. Valente, No. 18-CV-4302, 2019 WL 3872853, at *3 (E.D.N.Y. July 16, 2019); then citing Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018)).

## CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment is GRANTED.  On or before October 11, 2022, Plaintiff shall submit an amended proposed judgment that includes the name and contact information for a proposed referee, and where the referee will give notice of the time and place of the sale.  Plaintiff is further directed to serve Defendants with copies of this order, and to file proof of such service by October 7, 2022.

SO ORDERED.

/s/ JOANNA SEYEBRT
Joanna Seybert, U.S.D.J.

Dated: September 30, 2022
       Central Islip, New York

12